JUDGE KOELTL          07 CV          102

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | |
|---|---|
| **FRED BERMAN,** | **Complaint for Violations of the Fair Debt Collection Practices Act** |
| PLAINTIFF, | |
| -AGAINST- | **JURY TRIAL DEMANDED** |
| **ALTSCHUL & ALTSCHUL INC.,** |  |
| DEFENDANT | |

------------------------------------------------------------x

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff FRED BERMAN, and individual consumer, against Defendant ALTSCHUL & ALTSCHUL INC. ("Defendant" or "Altschul") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Defendants violated the Act by wrongfully attaching funds in plaintiffs' bank account, which caused plaintiff to incur extensive bank and attorney fees.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff FRED BERMAN is a natural person residing in Bayside, New York.

4. Defendant ALTSCHUL & ALTSCHUL INC. is a New York corporation engaged in the business of collecting debt in this state with its principal place of business located in New York, New York. Defendant regularly attempts to collect debts allegedly due to another, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

5. On or after January 7, 2006 defendant served a "Restraining Notice" to Astoria Federal Savings Bank ordering them to restrain the plaintiff's funds in their possession.

6. In that Restraining Notice, defendant claimed that the restraint was pursuant to a judgment that defendant's client, 250-251 East 29 Realty LLC had obtained against plaintiff on May 15, 2000 in the amount of $2,203.20.

7. However, that judgment was in fact obtained against a different Fred Berman, with a different date of birth, address and social security number from the plaintiff.

8. Plaintiff is informed and believes that the aforementioned judgment was obtained in housing court for a failure to pay rent. Plaintiff is further informed and

believes that the Fred Berman who was the defendant in that case appeared and entered into a stipulated judgment.

9. After receiving notice from Astoria Federal Saving on or about January 14, 2006 that his bank account had been restrained, plaintiff was forced to hire counsel at his own expense to appear on his behalf in that case and remove the lien from his bank account because defendant refused to voluntarily remove the lien.

10. Further, plaintiff was charged fees from his bank for the unlawful restrain on his account.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

11. The plaintiff hereby realleges in incorporates by reference each of the allegations alleged above.

12. Plaintiff Fred Berman is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

13. Defendant Altschul is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

14. The alleged debt underlying plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

15. Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) by attempting to collect and collecting an amount from plaintiff which was not expressly authorized or permitted by law.

16. Defendant violated 15 U.S.C. § 1692e(10) by attempting to use and using a false and deceptive means to collect a debt.

17. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide plaintiff of his rights under the Act within five days of the initial communication.

18. The plaintiff is entitled to an award of actual and statutory damages for the defendants' unlawful conduct, in addition to an award of costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

**WHEREFORE,** the plaintiff respectfully requests that judgment be entered as follows:

A. Awarding the plaintiff actual damages pursuant to 15 USC § 1692k(a)(1).

B. Awarding the plaintiff statutory damages pursuant to 15 USC § 1692k(a)(2)(A).

C. Awarding the plaintiff attorney's fees and costs pursuant to 15 USC § 1692k(a)(3).

///

///

///

D.      Granting such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff Fred Berman demands trial by jury in this action.

Dated:  January 5, 2007
        New York, NY

_____
Kevin C. Mallon (kcm 4798)
Fishman & Neil, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 822-1474
Attorneys for Plaintiff